IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROBERT FLANERY, )
 )
        Plaintiff, )
 )
vs. ) Case No. 19-1062-KHV-KGG
 )
NANCY A. BERRYHILL, )
ACTING COMMISSION OF )
SOCIAL SECURITY, )
 )
        Defendant. )
 )

# MEMORANDUM & ORDER ON
# MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES

In conjunction with his federal court Complaint (Doc. 1), Plaintiff Robert Flanery, who is representing himself *pro se*, has filed a Motion for Leave to File Action Without Prepayment of Fees ("IFP application," Doc. 4, sealed) with a supporting financial affidavit. After review of Plaintiff's motion, the Court **GRANTS** the IFP application.

## ANALYSIS

**I.    Motion to Proceed *In Forma Pauperis*.**

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial

means.  28 U.S.C. § 1915(a).  "Proceeding *in forma pauperis* in a civil case 'is a privilege, not a right – fundamental or otherwise.'"  ***Barnett v. Northwest School***, No. 00-2499, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (quoting ***White v. Colorado***, 157 F.3d 1226, 1233 (10th Cir. 1998)).  The decision to grant or deny in forma pauperis status lies within the sound discretion of the court.  ***Cabrera v. Horgas***, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999).

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay.  *See generally*, ***Yellen v. Cooper***, 828 F.2d 1471 (10th Cir. 1987).  In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income.  See ***Patillo v. N. Am. Van Lines, Inc.***, No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); ***Webb v. Cessna Aircraft***, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In the supporting financial affidavit, Plaintiff indicates he is 48 years old and divorced with no dependents.  (Doc. 4, sealed, at 2-3.)  He does, however, list a substantial amount owed in "back child support."  (*Id*., at 6.)  He indicates he is unemployed and lists prior employment (dates unknown) as a crane operator.  (*Id.*, at 3-4.)  He does not own real property but does own a modest automobile, with

little residual value. (*Id.*, at 4-5.) He lists no cash on hand. (*Id.*, at 4.) He receives food stamp assistance from the government and lives in government subsidized housing. (*Id.*, at 5-6.) He receives minor monthly financial assistance from a relative. (*Id.*, at 6) He lists modest expenses, including telephone and car insurance. (*Id.*, at 6.)

Considering the information contained in his financial affidavit, the Court finds that Plaintiff has established that his access to the Court would be significantly limited absent the ability to file this action without payment of fees and costs. The Court thus **GRANTS** Plaintiff's request to proceed *in forma pauperis*. (Doc. 4, sealed.)

IT IS THEREFORE ORDERED that Plaintiff's motion for IFP status (Doc. 4) is **GRANTED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 10th day of May, 2019.

                                        S/ KENNETH G. GALE
                                        KENNETH G. GALE
                                        United States Magistrate Judge